[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed a custody petition dated December 8, 1999. Many of the fact that give rise to this petition are not in dispute. The parties who were never married, are the parents of a minor child, Lucas Brendan Hackett, born April 30, 1995. The plaintiff is presently a full-time law student at the University of Virginia. The defendant, whose occupation is in food and beverage, is employed full-time at the Lodge at Vale, Colorado. The court finds that it has jurisdiction over the issue of custody under the provision of § 46b-92. In addition to the issues of custody and visitation, the parties are also in dispute regarding the issue of support. The plaintiff is unemployed and is tending the University of Virginia on loans. She provides health insurance for herself at a cost of approximately $25 weekly, and provides health insurance for the minor child at a cost of approximately $25 weekly. The defendant's gross weekly income is $481. For child support purposes, his net weekly income is $383. The basic child support obligation is $91 per week. To that amount is added the health insurance premium adjustment for the minor child of $25 a week, for a recommended child support order of $116 per week.
At the present time, the defendant incurs qualifying day care costs for the minor child of $405 monthly.
The defendant has paid support for the minor child on a regular basis, including providing funds for the plaintiff to repair her automobile.
The court enters the following orders:
 ORDERS
CT Page 1530
1. Sole custody of the minor child is awarded to the plaintiff.
2. The defendant may visit with the minor child during the time the plaintiff is attending school at the University of Virginia for two consecutive overnight visits not to exceed twice a month. He is to give to the plaintiff at least thirty days advance notice by registered mail return receipt or certified mail return receipt regarding the dates of such visits.
3. During the summer time when the plaintiff is not attending college (approximately mid-May to mid-August), the defendant may have three separate one week visits with the minor child. There is to be a minimum period of two weeks between each one week visit.
4. When the defendant exercises visitation rights during the time college is in session, the visitation is to take place only in Virginia. When the defendant exercises his visitation rights during the summer period, the visitation is to take place only in Connecticut.
The defendant is not to remove the child from either the State of Virginia or the State of Connecticut during the time he exercises his visitation and is not to file any motions to modify custody or support in any state other than Connecticut until such time as Connecticut finds it no longer has jurisdiction.
5. The court orders the defendant to pay support to the plaintiff in the amount of $116 weekly. He is also to pay 70 percent of the unreimbursed medical expenses and 70 percent of the qualifying cost for day care. The support, unreimbursed medical expense, and day care expense order are all effective on the date this decision is filed. Further, the defendant's claim against the plaintiff for advancing funds for the repair of her vehicle is extinguished by this order.
6. The parties are to exchange copies of their federal and state income tax returns within fifteen days after such returns have been filed by registered mail return receipt or certified mail return receipt, including for the calendar year 1999. This order is to remain in effect for so long as there is an outstanding support order or any arrearage thereto.
7. The defendant is also to have visitation with the minor CT Page 1531 child for each Thanksgiving commencing the day before Thanksgiving until the Sunday after Thanksgiving. Notwithstanding the restriction of visitation to Virginia and Connecticut in paragraph 4, the court orders that the visitation for Thanksgiving may also take place in New Jersey.
8. For each calendar year that the defendant is current in his support obligation, at the end of such calendar year, the defendant has a right to claim the minor child as an exemption for federal and state income tax purposes.
Axelrod, J.